IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT REO PR CORP.<br><br>Plaintiff<br><br>v.<br><br>MANUEL ANGEL VEGA-BONILLA, et al.<br><br>Defendants | Civil No. 16-1170 (PAD)(GLS) |

**REPORT AND RECOMMENDATION**

This is a foreclosure action. Judgment was issued and the property object of the litigation was sold by public auction to Roosevelt Cayman Asset Company ("RCAC"), transferred later to Roosevelt REO PR Corp. ("Roosevelt REO"), which in turn sold it to non-party Fortaleza Equity Partners I, LLC ("Fortaleza"). Before the Court are a motion for eviction by Fortaleza (Docket No. 56) and Defendants' motion to annul judgment and in opposition to the request for eviction (Docket No. 58). The District Judge referred both matters to the undersigned for a Report and Recommendation. Docket No. 75. For the reasons discussed below, the motion to annul judgment at Docket No. 58 should be **DENIED** and that the motion for eviction at Docket No. 56 should be **GRANTED**.

**I.  BACKGROUND**

The Amended Complaint was filed on February 7, 2016. Docket No. 4. The original Plaintiff was RCAC, which, as alleged, is a corporation of the Cayman Islands with an address in San Juan, Puerto Rico. Docket No. 4 at ¶ 1. RCAC's principal place of business is New York. Id. Defendants are Manuel Angel Vega-Bonilla, Pamela Ivette Pérez-Rivera and their conjugal partnership, all residents and citizens of Puerto Rico. Id. at ¶ 2. This Court's diversity jurisdiction was invoked for, as alleged, there was complete diversity of citizenship between RCAC and Defendants. Id. at ¶¶ 3-4. Pursuant to the Amended Complaint, RCAC was the owner and holder

of a note and mortgage deed over a property in Guaynabo (the "Property"), Defendants were delinquent in mortgage payments, and collection efforts had been unsuccessful. Id. at ¶¶ 8-11.

RCAC moved for summary judgment. Docket No. 8. In support thereof, RCAC submitted the note duly endorsed to RCAC. Docket No. 8-3. On March 23, 2017, the Court granted RCAC's request for summary judgment. Docket No. 19. Judgment followed on April 5, 2017. Docket No. 20. The Court issued an Order of Execution of Judgment and corresponding Writ of Execution. Dockets Nos. 23-24. On May 18, 2017, RCAC filed a motion for substitution of party. Docket No. 25. RCAC explained that RCAC assigned or endorsed the promissory note to Roosevelt REO and requested that RCAC be substituted by Roosevelt REO as plaintiff in the case. Id.; see Docket No. 25-1 (Note Allonge). To confirm the existence of diversity jurisdiction, the Court requested evidence that the promissory note was transferred to RCAC prior to the filing of the suit and that the same was transferred to Roosevelt REO after the filing of the suit. Docket No. 26. The Court also ordered RCAC

> to show cause as to why the assignment of interest in favor of Roosevelt Cayman prior to the filing of the complaint should not be deemed a collusive attempt at creating diversity jurisdiction in violation of 28 U.S.C. § 1359. Plaintiff shall do so addressing the arrangement between these two related entities, which effectively allowed a Puerto Rico citizen (Roosevelt REO) to reap the rewards of a judgment obtained against another Puerto Rico citizen, invoking the Court's diversity jurisdiction based on the diverse citizenship of a related party whose actual interest in the case is unclear. Id.

On June 30, 2017, RCAC filed a motion in compliance submitting a Declaration under Penalty of Perjury by Geoffrey Hader dated June 19, 2017 (the "Hader Declaration"), informing as to the date and circumstances under which RCAC acquired the promissory note and as to the date and circumstances under which RCAC transferred its interests to Roosevelt REO. Docket No. 33. The Court noted RCAC's motion and granted RCAC's request for substitution of party. Docket Nos. 35 and 39. The Court then issued an Order for Confirmation of Sale of the Property. Docket No. 39. And an Order of Eviction, and corresponding Writ of Assistance, against Defendants. Docket Nos. 42-43.

Defendants did not oppose the motion for substitution of party. Neither did Defendants allege that diversity jurisdiction was lacking. Defendants did seek reconsideration and appeal on other matters. See Docket Nos. 29, 31, 37, 40, and 44. The Court eventually stayed the writ of

eviction pending Defendants' appeal before the First Circuit. Docket No. 48. On April 9, 2019, the First Circuit affirmed the Court's decision to deny Defendants' motion for post-judgment relief seeking to stay or dismiss the foreclosure proceedings. Docket No. 52.

On February 4, 2022, non-party Fortaleza, who acquired the Property from Roosevelt REO on January 25, 2022, filed a motion for eviction. Docket No. 56. See also Docket No. 56-1, Deed of Purchase and Sale. Defendants responded by filing a motion to annul judgment for lack of jurisdiction. Docket No. 58. Defendants seem to argue (arguments are quite convoluted) for the annulment of the judgment based on the following: (1) there is a controversy as to whether, at the time of the filing of the Amended Complaint, RCAC was the owner and holder of the mortgage note, and as to whether diversity jurisdiction existed at the time of the filing of the Amended Complaint, and (2) there is a controversy as to whether the party that substituted RCAC as the holder of the note was Roosevelt REO, and as to whether diversity jurisdiction existed at the time the substitution of party was requested. The motion for annulment was filed on February 10, 2022, almost five (5) years after the entry of Judgment on April 5, 2017. Fortaleza opposed at Docket No. 61 and submitted RCAC's Certificate of Incorporation as an "Exempted Company" incorporated in the Cayman Islands since July 10, 2014. Docket No. 61-1. Defendants replied. Docket No. 68. And Fortaleza and Roosevelt REO filed a joint sur-reply. Docket No. 68. In the sur-reply, Roosevelt REO joined and adopted all arguments made by Fortaleza in the motion for eviction and in opposition to Defendants' motion under Rule 60(b). Fortaleza also requested that its motion for eviction be considered a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure. No opposition to the request for intervention was filed.

## II. DISCUSSION

### A. Defendants' Motion Under Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six (6) instances in which a party may seek post-judgment relief outside of the twenty-eight (28) day period in Rule 59(e) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 60(b). The rule provides that "on motion and just terms" the court may relieve a party from a final judgment when the party can establish: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged; is based on an earlier judgment that has been reversed or vacated; or its prospective application is no longer equitable; or (6) any other reason that justifies

...

**Roosevelt REO PR Corp. v. Vega-Bonilla, et al.**
**Civil No. 16-1170 (PAD)(GLS)**

relief. Id. Rule 60(c)(1) requires that any motion under clauses (b)(1) through (b)(3) be filed "within reasonable time" and no later than one (1) year after entry of the judgment. While motions under Rule 60(b)(4), (b)(5) and (b)(6) are not subject to the one (1) year limitation, any such motions must still be made "within reasonable time". Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 66 (1st Cir. 2003). What is reasonable depends on the circumstances of each case. Id.; United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 660–61 (1st Cir. 1990); 11 Wright, Miller & Kane, Federal Practice and Procedure at § 2866. The First Circuit considers factors such as the length of the delay, the justification asserted for the delay, and the prejudice that would follow if the relief were to be granted. Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d at 66; United States v. Boch Oldsmobile, Inc., 909 F.2d at 661. The potential prejudice of any person who may have relied on the challenged judgment is also a relevant factor. 11 Wright, Miller & Kane, Federal Practice and Procedure at § 2857; 12 Moore's Federal Practice at § 60.22[2].

Relief under Rule 60(b) is appropriate when it is necessary "to accomplish justice". Roosevelt REO PR II Corp. v. Del Llano-Jiménez, 765 F. App'x 459, 461 (1st Cir. 2019) (citations omitted). But it is extraordinary and should be granted sparingly. Id. (citations omitted). As a general matter, Rule 60(b) motions should not be granted unless the party seeking relief can show (1) that the motion was timely, (2) that exceptional circumstances justify the relief, (3) the absence of unfair prejudice to the opposing party, and (4) that there is a potentially meritorious claim or defense. Id. (citations omitted); Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co., 953 F.2d 17, 19–20 (1st Cir. 1992). Ultimately, relief under Rule 60(b) rests with the discretion of the Court. 11 Wright, Miller & Kane, Federal Practice and Procedure at § 2857.

Defendants have not categorically informed the Court under which clause of Rule 60(b) they seek relief in this case; they merely claim that the judgment is void. Their motion comes almost five (5) years after the entry of Judgment. And Defendants have not argued that the request is timely, the existence of exceptional circumstances, the absence of prejudice to the opposing party, or that they have a potentially meritorious defense. It thus follows that relief under clauses (b)(1) through (b)(3) would be barred in this case. Defendants' request can only be premised on Rule 60(b)(4), (b)(5) or (b)(6). Defendants' argument is that the judgment is void for lack of subject matter jurisdiction. The Court thus examines Defendants' request under Rule 60(b)(4). See Marcano Rodríguez v. Compañía de Inversiones Inca, S.A., 2020 WL 13490925 *1 (D.P.R. Sept.

30, 2020) (citations omitted)(under the "rule of mutual exclusivity" a void judgment cannot serve as an exceptional circumstance under Rule 60(b)(6) because it is a ground for relief covered by Rule 60(b)(4)); Lubben v. Selective Serv. Sys. Loc. Bd. No. 27, 453 F.2d 645, 651 (1st Cir. 1972) (Rule 60(b)(6) is the residual clause; the reasons asserted under (b)(6) must be one other than those enumerated in Rule 60(b) (1)-(5)); United States v. Baus, 834 F.2d 1114, 1121 (1st Cir. 1987) (relief under subsection (6) only appropriate where other subsections do not apply).

    A party seeking post-judgment relief under Rule 60(b)(4) must establish that the judgment is void. A judgment is void if it was rendered by a court without jurisdiction. 11 Wright, Miller & Kane, Federal Practice and Procedure at § 2862. Because a judgment rendered without jurisdiction is void from its inception, there is no time limitation to challenge a judgment for lack of subject matter jurisdiction under Rule 60(b0(4). United States v. Boch Oldsmobile, Inc., 909 F.2d at 661 (citations omitted). However, "the concept of void judgments is narrowly construed." Id. (citations and quotations omitted); Fafel v. Dipaola, 399 F.3d 403, 410–11 (1st Cir. 2005); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (list of infirmities under Rule 60(b)(4) is exceedingly short). A judgment is void "*only* if the court that rendered the judgment lacked jurisdiction or [if] the court's action amounts to a plain usurpation of power constituting a violation of due process.". United States v. Boch Oldsmobile, Inc., 909 F.2d at 661 (citation omitted) (emphasis in the original); Carrasquillo-Serrano v. Municipality of Canóvanas, 991 F.3d 32, 39 (1st Cir. 2021). A total absence of jurisdiction may justify relief under Rule 60(b)(4). Id.; Carrasquillo-Serrano v. Municipality of Canóvanas, 991 F.3d at 39. But an error in the exercise of jurisdiction does not. Id.; Lubben v. Selective Serv. Sys. Loc. Bd. No. 27, 453 F.2d at 649 (court may determine its own jurisdiction and an error in that determination will not render judgment void). The law is clear: if there is an "arguable basis" for jurisdiction, the judgment is not void. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. at 271. See also 12 Moore's Federal Practice at § 60.44[2]. To this end, "[a] Court's determination that it has jurisdiction of the subject matter is binding on that issue, if the jurisdictional question actually was litigated and decided, or if a party had an opportunity to contest subject-matter jurisdiction and failed to do so." 11 Wright, Miller & Kane, Federal Practice and Procedure at § 2862.

    Defendants argue that diversity jurisdiction was lacking because RCAC did not properly allege diversity in citizenship as to RCAC, RCAC was a company and not a corporation, and another entity —RCAC II— may have been the holder of the mortgage note at issue. Defendants

anchor their claims in what appear to be typos in the documents submitted by RCAC through the course of litigation, RCAC's appearance before the First Circuit and/or in its belief that RCAC's citizenship for purposes of jurisdiction is that of a company and not that of a corporation.

Per the allegations in the Amended Complaint, RCAC is a corporation of the Cayman Islands with an address in San Juan, Puerto Rico and with its principal place of business in New York. Docket No. 4 at ¶ 1. Defendants are residents and citizens of Puerto Rico. Id. at ¶ 2. Indeed, paragraph 3 of the Amended Complaint states that "[c]omplete diversity between **RCAC II** and defendants exists". Id. at ¶ 3 (emphasis added). However, no other reference to RCAC II is included anywhere else therein and paragraph 4 of the Amended Complaint specifically invokes this Court's diversity jurisdiction stating that "[t]here is complete diversity of citizenship between the parties [RCAC and Defendants]" and that the amount in controversy exceeds $75,000. Id. at ¶ 4. Paragraph 8 of the Amended Complaint also alleges that it is RCAC "at present the owner and holder of the note and mortgage deed". Id. at ¶ 8. Defendants make much of the fact that the Unsworn Declaration Under Penalty of Perjury at Docket No. 10-1 at ¶ 4 states that RCAC II is the owner of the mortgage note (rather than RCAC). But, in view of the other evidence on the record, this is of no consequence. RCAC submitted a copy of the Note which was endorsed to the order of RCAC. Docket No. 8-3. Further, in the Hader Declaration at Docket No. 33, RCAC informed that RCAC was the entity that acquired the note from Doral Bank and established that, at the time of the filing of the Amended Complaint, RCAC was the rightful owner and holder of the note. Diversity jurisdiction was alleged as to RCAC and Defendants' argument to the contrary is unavailing.

Defendants question whether RCAC is a company or a corporation for jurisdictional purposes. As alleged in the Amended Complaint, RCAC is a corporation of the Cayman Islands with an address in San Juan, Puerto Rico and with its principal place of business in New York. Docket No. 4 at ¶ 1. Defendants admitted such an allegation in their answer to the complaint. See Docket No. 5 at ¶ 1. Furthermore, in the Hader Declaration at Docket No. 33, RCAC explained that it is an exempted company organized and in good standing under the laws of the Cayman Islands. Docket No. 33 at ¶ 3. And Fortaleza submitted a copy of RCAC's Certificate of Incorporation confirming that RCAC is an exempted company incorporated in the Cayman Islands effective July 10, 2014. Docket No. 61-1. There is thus no question that even though RCAC is an "exempted company" under the laws of the Cayman Islands it is nonetheless a corporation for

**Roosevelt REO PR Corp. v. Vega-Bonilla, et al.**
**Civil No. 16-1170 (PAD)(GLS)**

purposes of citizenship and jurisdiction. See Bautista Cayman Asset Co. v. The Ferrer Grp., Inc., 2016 WL 1641630 *3 (D.P.R. Apr. 25, 2016) (an "exempt company" registered pursuant to the laws of the Cayman Islands deemed corporation for jurisdictional purposes); Triangle Cayman Asset Co. 2 v. Empresas Omajede, Inc., 2019 WL 1499331 *3 (D.P.R. Apr. 3, 2019) (same); Bautista Cayman Asset Co. v. Asociación de Miembros de La Policía De Puerto Rico, 2018 WL 11369075 * 2 (D.P.R. July 18, 2018) (same); Roosevelt REO PR, Corp. v. Silva-Navarro, 2020 WL 1493904 *3-4 (D.P.R. Mar. 25, 2020) (same)(*affirmed* in Appeal No. 20-1442, Judgment May 6, 2022); HCP III Arlington TS LLC v. Grupo Cinemex, S.A. de C.V., 534 F. Supp. 3d 921, 925 (N.D. Ill. 2021) (same). For purposes of jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As alleged then RCAC is a citizen of the Cayman Islands and New York (Docket No. 4 at ¶ 1), and Defendants are citizens of Puerto Rico (Docket No. 4 at ¶ 2). Contrary to Defendants' contention, there was complete diversity in citizenship at the time in which the Amended Complaint was filed.

Defendants also question the existence of jurisdiction alleging that there are questions as to what entity acquired RCAC's interests in the mortgage and note. Again, Defendants reference an appearance before the First Circuit under the name of Roosevelt REO PR II Corp. rather than Roosevelt REO. But the fact of the matter is that the motion for substitution of party at Docket No. 25, the Note Allonge and the Hader Declaration at Docket No. 33 all support the conclusion that it was Roosevelt REO that acquired interest in the mortgage note after the entry of Judgment. This is corroborated in the Deed of Purchase and Sale submitted by Fortaleza, in which Roosevelt REO appears as the seller of the Property to Fortaleza. See Docket No. 56-1.

But more importantly Defendants' argument is unavailing because diversity jurisdiction of the Court existed at the time in which the Amended Complaint was filed. It was not until after the entry of judgment that substitution with Roosevelt REO was effectuated. The law is clear that for federal jurisdiction purposes, diversity of citizenship must be established as of the time of the filing of the suit. Delgado Caraballo v. Hosp. Pavia Hato Rey, Inc., 2020 WL 12048980 *3 (D.P.R. Aug. 12, 2020) (citing Valentín v. Hosp. Bella Vista, 254 F.3d 358, 361 (1ˢᵗ Cir. 2001); Rivera v. Hosp. Interamericano de Medicina Avanzada, 125 F.Supp.2d 11, 16 (D.P.R. 2000)). Jurisdiction is not divested by subsequent events; particularly due to the transfer of interests after the commencement of litigation to a party that had no interest in the action until after the suit was commenced.

Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426 at 428 (1991). Although the First Circuit in Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP, 362 F.3d 136, 139–42 (1st Cir. 2004), held that the holding in Freeport might not extend to "all post-filing additions of non-diverse parties", there is no question that Freeport is the state of the law for transfers of interests or assignments to another party after the filing of suit. Id.; Maysonet-Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003); Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 633 n. 6 (1st Cir. 1989). That was the case here; RCAC transferred its interest in the note and mortgage on May 10, 2017, after the filing of the Amended Complaint and the entry of Judgment. Indeed, Defendants' argument to the contrary has already been rejected by this District Court in Roosevelt REO PR, Corp. v. Silva-Navarro, 2020 WL 1493904 *3-4 (D.P.R. Mar. 25, 2020) (*affirmed* in Appeal No. 20-1442, Judgment May 6, 2022) when it held that because a transfer of interest and substitution took place after the entry of judgment—as in the instant case—the "time of filing" rule to determine jurisdiction applied and the court retained diversity jurisdiction.

Per the discussion above, Defendants' arguments that the judgment in this case is void and should be vacated under Rule 60(b)(4) are meritless. Diversity jurisdiction existed at the time of the filing of suit. But as if the foregoing was insufficient, the law is also clear that Rule 60(b)(4) relief is only warranted when a judgment is void and a judgment is void **only** if there is no arguable basis for jurisdiction. When a court has entertained the question of jurisdiction and has decided that it can assert jurisdiction over a claim, the judgment will not be void regardless of any error in such a determination. Honneus v. Donovan, 691 F.2d 1, 2-3 (1st Cir. 1982) ("[I]t is well established that a federal court's erroneous assumption of diversity jurisdiction does not render the judgment null but only erroneous."). When RCAC moved the Court to substitute RCAC with Roosevelt REO, the Court ordered RCAC to provide evidence of the Court's jurisdiction. Docket No. 26. RCAC complied and the Court approved the substitution. See Docket Nos. 35 and 39. It thus followed that the Court was satisfied that it had jurisdiction to order the confirmation of the sale of the Property and Defendants' eviction. As such, even assuming for purposes of discussion only, that the Court wrongfully assumed jurisdiction in this case, *which it did not*, the judgment would not be void and Rule 60(b)(4) relief would not be available to Defendants. See e.g., Vilaro v. Sonic Cavitation Ltd., 328 F.R.D. 27, 28–29 (D.P.R. 2018)(arguable basis for jurisdiction found when complaint alleged contacts with Puerto Rico); Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1345–46 (10th Cir. 2000) (erroneous interpretation of diversity statute (§ 1332(a)) does not render

judgment void; arguable basis for jurisdiction found); Honneus v. Donovan, 691 F.2d at 2-3 (allegation of diversity in complaint (even if erroneous) provided the basis for jurisdiction and did not render judgment void; affirming denial of motion under Rule 64(b)(4)).

### B. Fortaleza's and Roosevelt REO's Motion for Eviction

After acquiring the Property from Roosevelt REO, Fortaleza moved the Court to evict Defendants from the Property. Docket No. 56. Defendants did not oppose the request for eviction other than by asserting the nullity of the Judgment and questioning Fortaleza's standing to request the eviction. The Court already granted the eviction when it was requested by Roosevelt REO. Docket Nos. 42-43. The eviction was stayed pending the appeal. Docket No. 48. On April 9, 2019, the First Circuit affirmed the Court's denial of the Rule 60(b) motion and issued Judgment. Docket Nos. 52-53. It follows that there is no impediment for the stay of the eviction to be lifted. See Docket No. 48 (eviction stayed unless the Court vacates the order).

One procedural wrinkle remains. Roosevelt REO was the owner of the Property when eviction was originally ordered. After the appeal, the Property was transferred to Fortaleza. Fortaleza is now interested in the eviction of Defendants. However, Fortaleza is not a party in this case. In the sur-reply filed by Fortaleza jointly with Roosevelt REO (Docket No. 68), Roosevelt REO joined and adopted the arguments made by Fortaleza in its motion for eviction at Docket No. 56. In that same motion, Fortaleza requested that the Court consider its motion for eviction as a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure. Docket No. 68 at ¶ 12. Because Fortaleza's request to intervene is based on a transfer of Roosevelt REO's interest in the Property, it is more properly considered a motion to substitute pursuant to Rule 25(c) rather than a motion to intervene under Rule 24.

Rule 25(c) of the Federal Rules of Civil Procedure provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed.R.Civ.P. 25(c). Rule 25(c) applies to ordinary transfers and assignments of rights after the filing of suit. 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1958. It also applies to a broad range of transfers of interest, including transfers of real property subject of the suit. Nazario-Lugo v. Caribevision Holdings, Inc., 2013 WL 607898 *1 (D.P.R.) (citations omitted). See also 6 Moore's Federal Practice at § 25.31 (citing Blachy v. Butcher, 190 F.R.D. 428 (W.D.Mi. 1999); ELCA Enterprises, Inc. v. Sisco Equipment Rental & Sales, Inc., 53 F.3d 186,

190-191 (8th Cir. 1995); Burka v. Aetna Life Insurance Company, 87 F.3d 478 (D.C.Cir. 1996)). The rule's most significant feature is that, if a transfer of rights takes place after the commencement of a suit, the action can continue and bind the successor in interest even if not joined in the action. 7C Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1958. The decision to order substitution rests entirely within the discretion of the court. Id.; 6 Moore's Federal Practice at § 25.34. As such, the rule does not require that the court or the parties take any action after an interest has been transferred; the suit may continue with the original parties. 6 Moore's Federal Practice at § 25.34. In the absence of a motion to substitute, the case will continue without a change in the parties. Id.

This is an action *in rem*. In its Opinion and Order granting summary judgment at Docket No. 19, the Court concluded that this is an *in rem* action under the Puerto Rico Mortgage and Property Act of 1979 (holding: "pleadings are clear in that the only remedy sought is foreclosure of the Property"). Docket No. 29 at pp. 6-7. The order is final and unappealable. That is to say that the only interest in this action is that in the Property. Roosevelt REO transferred that interest to Fortaleza. See Rodríguez-Miranda v. Benin, 829 F.3d 29, 41 (1st Cir. 2016) (transfer of interests under Rule 25(c) can occur after judgment and in subsequent proceedings to enforce judgment). Under Rule 25(c) of the Federal Rules of Civil Procedure the Court has discretion to reinstate the order of eviction, which would benefit Fortaleza (without effectuating the substitution), or to substitute Roosevelt REO with Fortaleza as plaintiff and grant Fortaleza's request for eviction at Docket No. 56.[1] See FDIC v. SLE, Inc., 722 F.3d 254, 269-270 (5th Cir. 2013) (transferee has standing to move for post judgment relief without moving for substitution under Rule 25(c) first).

### III. CONCLUSION

For the reasons discussed above, the undersigned recommends that Defendants' motion to annul judgment at Docket No. 58 be **DENIED**, and that Fortaleza's and Roosevelt REO's motion for eviction at Docket No. 56 be **GRANTED**.

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely

---

[1] As discussed above, the transfer of rights to a nondiverse party after the entry of judgment does not divest the Court of jurisdiction. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. at 428.

**Roosevelt REO PR Corp. v. Vega-Bonilla, et al.**
**Civil No. 16-1170 (PAD)(GLS)**

and specific objections constitutes a waiver of the right to review by the District Court and claims not preserved by objections are precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Secretary of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 23rd day of August 2022.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge
